```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

NAKIA LOCKETT                                CIVIL ACTION

VERSUS                                       NO: 13-5407

AMERICAN NATIONAL PROPERTY AND               SECTION: "J" (2)
CASUALTY COMPANY, ET AL
```

**ORDER**

Before the Court are Defendant American General Insurance Company ("ANGIC")'s **Motions for Summary Judgment (Rec. Docs. 30 & 32)**, Plaintiff Nakia Lockett's oppositions thereto (Rec. Docs. 34 & 35), and ANGIC's reply memoranda.[1] The motions were set for hearing on June 18, 2014, on the briefs. (Rec. Doc. 36) Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the motion should be **DENIED** for the reasons set forth more fully below.

**FACTS AND PROCEDURAL BACKGROUND**

This matter arises out of an insurance coverage dispute between Plaintiff and her insurers, ANGIC and American Security

---

[1] ANGIC moved for leave to file reply memoranda on June 17, 2014 (Rec. Docs. 39 & 40). Its motions are hereby **GRANTED.** The reply memoranda shall be filed into the record of this matter.

Insurance Company ("American Security"). Plaintiff's home, which is located in Laplace, Louisiana, undisputedly sustained both flood and wind damage during Hurricane Isaac in August 2012.[2] ANGIC provided Plaintiff's homeowner's policy, which covers the wind damage to the home, and American Security provided flood coverage. Following an inspection of the home, American Security paid $35,147.92 to Plaintiff for flood damages, and then made another payment of $6,175.49 after a re-inspection, for a total of $41,323.41. Following its own inspection of the home, ANGIC paid $2,857.73 to Plaintiff for wind damage to the roof, fascia, soffit, shed, fencing, and ceilings in the living room, dining room, kitchen, hallway, three bedrooms, and two bathrooms. After ANGIC's adjuster inspected the home, Plaintiff hired Daniel Onofrey ("Onofrey") to prepare an estimate, and he opined that the wind damage actually caused $54,952.64 in damage, including so much damage to the roof that it will require complete replacement. (Rec. Doc. 34-1)

Plaintiff initially filed suit on her flood claims only, alleging that the insurer did not pay the full extent of her losses; however, she later amended her complaint to add a wind damage claim. In the wind damage claim, Plaintiff alleged that

---

[2] Plaintiff was present when the flooding began and estimates that there were 18-25 inches of flood waters in her home.

the insurer acted in bad faith when it improperly adjusted her claims and undervalued the costs of repair and the effects of the wind damage.  Plaintiff recently settled her claims with American Security and dismissed it from this suit, meaning that only ANGIC and the wind damage claims remain. In the instant motions, ANGIC moves the Court to enter summary judgment on Plaintiff's wind damage and bad faith claims against it. Plaintiff filed oppositions to the motions on June 10, 2014. (Rec. Docs. 34-35)

## PARTIES' ARGUMENTS

### A. Wind Damage Claims

ANGIC contends that summary judgment should be granted in its favor because Plaintiff cannot recover more than she actually spent on the repairs. ANGIC avers that, under the terms of the Policy, Plaintiff's recovery is limited to "the amount actually and necessarily spent to repair or replace the damaged building." (Rec. Doc. 30-1, p. 11) Further, ANGIC argues that Plaintiff's reliance on Onofrey's estimate of the damages is improper because Onofrey did not perform the work and because, when an insured has already paid for repairs, she cannot rely on an estimate that is inconsistent with the actual amount expended. Finally, ANGIC contends that Plaintiff bears to burden of proving damage by a preponderance of the evidence, and that she fails to meet that burden because she does not submit any evidence of uncompensated

losses and because she does not prove what proportion of her losses are related to wind damage. ANGIC maintains that because Plaintiff admitted in her deposition that her wind related repair costs did not exceed the amount that ANGIC paid to her, she has not met her burden and summary judgment should be granted.

Plaintiff opposes the motions and contends that ANGIC's motion is based on a misreading of the policy at issue and misleading use of Plaintiff's deposition. Plaintiff avers that she has not been compensated for the full extent of her ceiling and roof damages, and that Onofrey's estimate is admissible evidence that proves this contention. Plaintiff avers that no repairs have been made to her roof, as she stated in her deposition, and that repairs have not been completed on her ceilings; therefore, she must rely on the estimate because work has not yet been completed. Futher, Plaintiff maintains that her claims based on the roof damage, are governed under a separate policy provision that requires an "actual cash value" analysis, and not a "cost of repairs" analysis.

### B. Bad Faith Claims

In its second motion for summary judgment, ANGIC urges the court to grant summary judgment in its favor on Plaintiff's bad faith claims because she has not provided evidence that ANGIC arbitrarily and capriciously denied her claims. Plaintiff also

opposes this motion, arguing that she has submitted enough evidence to allow a reasonable factfinder to find that ANGIC adjusted and paid her claims in bad faith.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must

come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

### A. Wind Damage Claims

Based on a review of the policy and the evidence presented, the Court finds that there are issues of material fact present in

this case which preclude the granting of ANGIC's motion for summary judgment. For example, there is an issue of material fact as to whether repairs have been completed on Plaintiff's home.[3] Consequently, the Court finds that, even if it agreed with ANGIC that estimates may not be relied upon when repairs are complete,[4] Onofrey's estimate may be relied upon to the extent that repairs are not complete. *See Stevens v. Allstate Ins. Co.*, 2014 WL 1779478 *5-*6 (E.D. La. May 5, 2014 (Fallon, J.)

### B. Bad Faith Claims

A plaintiff asserting bad faith claims against an insurer must show that:

> his insurer (1) received satisfactory proof of loss, (2) failed to pay within the required time, and (3) acted in an arbitrary and capricious manner. "Arbitrary and capricious" has virtually the same meaning under § 22:1220 as it does under § 22:658; courts interpret the phrase as synonymous with "vexatious."[V]exatious refusal to pay means unjustified, without reasonable or probable cause or excuse. An insurer does not act arbitrarily and capriciously, however, when it withholds payment based on a genuine (good faith) dispute about the amount of a loss or the applicability of coverage.

---

[3] Defendant mischaracterizes Plaintiff's deposition in its motion. Based on a reading of the Plaintiff's testimony as a whole, it appears that she has completed and fully paid for many repairs; however, it further appears that she has not started any work on her roof, still needs new sheet rock on some ceilings, and has a few other minor repairs to make. (Rec. Doc. 30-7, pps. 1-3, 5, 7). The "certificate of completion" from Plaintiff's mortgage company that ANGIC submits is not conclusive evidence that the repairs are complete. (Rec. Doc. 30-17)

[4] As such a finding is not required to dispose of the instant motion, the Court expressly declines to make such a ruling.

*Dickerson v. Lexington Ins. Co.*, 556 F.3d 290, 297-98 (5th Cir. 2009)(internal citations omitted)

ANGIC maintains that it never knew of Plaintiff's dissatisfaction until she filed her amended complaint in this matter, thus they cannot be found to have been in bad faith. Further, ANGIC avers that this is a simple coverage dispute that does not rise to the level of bad faith, and that they were reasonable in failing to pay more under the policy. Plaintiff contends that, in addition to undervaluing her damages, ANGIC's adjustor conducted an inadequate, 30 minute inspection of her home and that ANGIC refused, and continues to refuse, to re-investigate her claim after she provided Onofrey's estimate. In light of these additional facts, a reasonable jury could find that ANGIC acted arbitrarily and capriciously. *Cimino v. Allstate Ins. Co.*, No. 07-7905, 2009 WL 152523 (E.D. La. Jan. 21, 2009)(denying summary judgment where the plaintiff "does not simply contend that the amounts paid were too low; she also sets forth allegations that Allstate acted arbitrarily and capriciously in its handling of her claim.")

Accordingly,

**IT IS ORDERED** that the Defendant's **Motions for Summary Judgment (Rec. Docs. 30-32)** are **DENIED**.

New Orleans, Louisiana this 18th day of June, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE